## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| NATIONAL CONTINENTAL INSURANCE COMPANY | : | |
| | : | CIVIL ACTION NO. |
| v. | : | |
| | : | |
| NATIONAL LIABILITY AND FIRE INSURANCE COMPANY | : | |
| | : | |
| and | : | JURY TRIAL DEMANDED |
| | : | |
| FRESHKO TRANSPORTATION INC. | : | |
| | : | |
| and | : | |
| | : | |
| BENJAMIN F. HICKS | : | |
| | : | |
| and | : | |
| | : | |
| H. GILL TRUCKING, INC. | : | |
| | : | |
| and | : | |
| | : | |
| RENTVAL, LLC | : | |
| | : | |
| and | : | |
| | : | |
| HURRICANE EXPRESS, INC. | : | |
| | : | |
| and | : | |
| | : | |
| SFS TRANS INC. | : | |
| | : | |
| and | : | |
| | : | |
| JEFFREY TRUMBAUER | : | |
| | : | |
| and | : | |
| | : | |
| DENISE TRUMBAUER | : | |

_____

## COMPLAINT – DECLARATORY JUDGMENT

Plaintiff, National Continental Insurance Company, by and through its undersigned counsel, asserts the following.

## PARTIES

1.      Plaintiff, National Continental Insurance Company ("National Continental" or "NCIC"), is a New York corporation with a principle place of business located at 625 Alpha Drive, Mayfield Heights, Ohio 44143.

2.      On information and belief, defendant, National Liability and Fire Insurance Company ("National Liability"), is a Connecticut corporation with a principle place of business at 100 First Stamford Place, Stamford, Connecticut 06911.

3.      On information and belief, defendant, Freshko Transportation Inc. ("Freshko"), is a California corporation with a principal place of business located at 945 Randy Avenue, Fowler, California 93625.

4.      On information and belief, defendant, Benjamin F. Hicks (Hicks"), is an adult individual and resident of the State of California, who resides at 6606 South Frankwood Avenue, Reedley, California 93654

5.      On information and belief, defendant, H. Gill Trucking Inc., is a California corporation with a principal place of business located at 5542 West Magill Avenue, Fresno, California 93722.

6.      On information and belief, defendant, Rentval, LLC, is a limited liability company organized and existing under the laws of the State of California with a principle place of business located at 4912 West Pinedale Avenue, Fresno, California 93722.

7.      On information and belief, defendant, Hurricane Express, Inc., is a California corporation with a principle place of business located at 6737 Milburn Avenue, Fresno, California 93722.

8.      On information and belief, defendant, SFS Trans Inc. ("SFS"), is a California corporation with a principal place of business located at 3165 West Shields Avenue, Apartment 224, Fresno, California 93722.

9.      On information and belief, necessary party, Jeffrey Trumbauer is an adult individual and resident of the State of New Jersey who resides at 106 Anita Drive, Egg Harbor Township, New Jersey 08234.

10.     On information and belief, necessary party, Denise Trumbauer, is an adult individual and resident of the State of New Jersey who resides at 106 Anita Drive, Egg Harbor Township, New Jersey 08234.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this Declaratory Judgment Complaint pursuant to 28 U.S.C. §§ 1332(a), as there is complete diversity of citizenship between plaintiff and defendants and the amount in controversy exceeds $75,000.00.

12.     Venue is proper in the Eastern District of Pennsylvania as this insurance dispute arises out of a personal injury lawsuit filed by Jeffrey Trumbauer and Denise Trumbauer in the Lehigh County Court of Common Pleas alleging injuries sustained in a motor vehicle accident on Interstate Route 78 in or around, Allentown, Pennsylvania ("Underlying Lawsuit").

13.      This Declaratory Judgment Action involves policies of insurance issued by National Continental and National Liability to the various defendants in the

underlying lawsuit and therefore, an actual case and controversy of a justiciable nature exists.

14.     All identifiable parties or entities who have or claim an interest in the matters of controversy or who would be affected by the declarations sought in this Declaratory Judgment Complaint have been made a party to this action.

## GENERAL ALLEGATIONS

15.     In their Fourth Amended Complaint, the Trumbauers allege that Jeffrey Trumbauer was injured in a motor vehicle accident on August 21, 2016, on Interstate 78 in or around Allentown, Lehigh County, Pennsylvania ("subject accident").  A true and correct copy of the Fourth Amended Complaint filed by the Trumbauers is attached hereto as Exhibit "A"

16.     The subject accident was allegedly caused by the negligence of defendant, Benjamin Hicks, an employee of Freshko Transportation, Inc.

17.     At the time of the accident, Hicks was operating a 2010 Freightliner tractor bearing a VIN 1FUJGLDR3ALAF0652, and pulling a 2015 Vanguard Reefer Trailer bearing a VIN 527SR532XFL004162 which were owned by or leased to Freshko. See Exhibit "A."

18.     The load being hauled by Hicks was being transported under Freshko's motor carrier authority, and Freshko's DOT placard was affixed on the side of Hicks' tractor.

19.     Freshko received payment for the load that was being transported on the date of the loss.

20.     Plaintiffs filed their Fourth Amended Complaint to add SFS Trans Inc., to the underlying lawsuit.  See Exhibit "A."

21.     Discovery in the underlying lawsuit has revealed that the load transported by Hicks was brokered by Fine Trucking through SFS, but that Freshko was paid for the load, minus a 7% dispatch fee retained by SFS.

22.     Discovery has also revealed that while the payment of the driver, Hicks, also passed through SFS, there is no dispute that Hicks was employed by Freshko on the date of loss.

23.     On information and belief, defendant, Rentval, LLC, was a vehicle company owned and/or operated by defendant, Gill.

24.     On information and belief, defendant, Hurricane Express, Inc., was a trucking company formerly owned and/or operated by defendant, Gill.

## COVERAGE

## NATIONAL LIABILITY AND FIRE INSURANCE COMPANY POLICY

25.     National Liability provided a California commercial trucker's liability policy, number 73TRS066242-01, to the named insured, Freshko Transport, Inc., effective July 20, 2016 through July 20, 2017.[1]  A true and correct copy of National Liability's policy is attached hereto as Exhibit "B."

26.     The tractor and trailer involved in the loss were specifically described, listed and rated on the Freshko policy issued by National Liability.

27.     The National Liability commercial liability policy was issued with a symbol "46" which defined "Covered Autos" as autos described in the declarations for

---

[1] The National Liability policy was subsequently cancelled effective September 16, 2016.

which a premium charge is shown.  <u>See</u> Exhibit "B," Trucker's Coverage Form, CA 00 12 03 06.

 28. Additionally, the National Liability trucker's coverage form, CA 00 12 03 06, provides in pertinent part as follows:

> ### SECTION II – LIABILITY COVERAGE
>
>  *1. Who is An Insured:*
>
>  *The following are "insureds":*
>
>  *a. You.  For any covered "auto"...*
>  *b. Anyone else while using with your permission a covered "auto" you own, hire or borrow, except...*
>  *c. (not applicable)*
>  *d. The owner or anyone else from whom you hire or borrow a covered "auto" that is not a trailer while the covered "auto";*
>   *(1) Is being used exclusively in your business as a "trucker"; and*
>   *(2) Is being used pursuant to operating tights granted to you by a public authority.*

 29. With respect to other insurance, Section V of the National Liability policy entitled, TRUCKERS CONDITIONS, provides the following General Conditions:

> ### SECTION V – TRUCKER'S CONDITIONS
>
>  ***B. General Conditions***
>
>  ***5. Other Insurance-Primary and Excess Insurance Provisions***
>
>  *a. This coverage Form's Liability Coverage is primary for any covered "auto" while hired or borrowed by you and used exclusively in your business as a "trucker" and pursuant to operating rights granted to you by a public authority.  This Coverage form's liability Coverage is excess over any other collectible insurance for any covered "auto" while hired or borrowed from you by another "trucker".*
>    *   *   *
>  *c. Except as provided in Paragraphs a. and b. above, the Coverage Form provides primary insurance for any covered "auto" you own and excess for insurance for any covered "auto" you don't own.*

<u>See</u> Exhibit "B."

30.     Pursuant to Endorsement no.: CA L1 43 05 07, entitled "California

Changes" the National Liability policy provides:

> *B.  The following are added to Other Insurance Condition in the Business Auto and Garage coverage Forms and the Other Insurance-Primary and Excess Insurance Provisions in the Motor Carrier and Truckers Coverage Forms and supersede any provisions to the contrary:*
>
> > *3.     When this Coverage Form and any other Coverage Form or policy providing liability coverage apply to a "commercial vehicle" and;*
> >
> > > *a.     One provides coverage to a Named Insured, who in the course of business, rents or leases "commercial vehicle" without operators and*
> > > *b.     The other provides coverage to a person other than as described in Paragraph 3.a. and*
> > > *c.     At the time of an "accident" a person who is not the Named Insured of the policy described in Paragraph 3.a. and who is not the agent or "employee" of such Named Insured is operating a "commercial vehicle" provided by the business covered by the Coverage Form or policy described in Paragraph 3.a. then the liability coverage provided by the Coverage Form or policy described in Paragraph 3.b. is primary and the liability coverage provided by the Coverage Form or policy described in Paragraph 3.a. is excess over any coverage available to that person.*
> >
> > *4.     Notwithstanding Paragraph B.3. when this Coverage Form and any other Coverage Form or policy providing liability coverage apply to a power unit and any connected "trailer" or "trailers" and;*
> >
> > > *a.     One provides coverage to a Named Insured engaged in the business or transporting property by "auto" for hire; and*
> > > *b.     The other provides coverage to a Named Insured not engaged in that business; and*
> > > *c.     At the time of "accident", a power unit is being operated by a person insured under the Coverage Form or policy described in Paragraph 4.a. then that Coverage Form or policy is primary for both the power unit and any connected "trailer" or "trailers" and the Coverage Form or policy described in*

> *Paragraph 4.b. is excess over any other coverage available to such power unit and attached "trailer" or "trailers".*

See Exhibit "B."

### NATIONAL CONTINENTAL INSURANCE COMPANY POLICY

31.    National Continental issued a California commercial automobile policy, no. CP 5637527 6, to the Named Insured, SFS Transport, Inc., effective July 15, 2016 through July 15, 2017, with a Trucker's Endorsement.  A certified copy of National Continental policy is attached hereto as Exhibit "C."

32.    Neither the tractor nor the trailer involved in the subject accident loss was specifically listed on the National Continental policy.

33.    The Truckers Endorsement [CA 23 20 03 10] issued to SFS identifies an Insured as follows:

> A.    *Who Is An Insured under Liability Coverage is replaced by the following:*
>
> *1. Who Is An Insured*
>
> > *a. You for any covered "auto"*
> >
> > *b.  Anyone else while using with your permission covered **"auto"** you, own, hire or borrow except:...*
> >
> > *c.  The owner or anyone else from whom you hire or borrow a covered **"auto"** that is a "trailer" while the **"trailer"** is connected to another **"auto"** that is a power unit...*
> >
> > *d.  The owner or anyone else from whom you hire or borrow a covered **"auto"** that is not a **"trailer"** while the covered **"auto"**:*
> >
> > > *(1) Is being used exclusively in your business as a **"trucker"**; and*
> > >
> > > *(2) Is being used pursuant to operating rights granted to you by a public authority.*
> >
> > *However, none of the following is an **"insured"**:*

>    a.    Any *"trucker"* or his or her agent or "employees",
> other than you and your "employees";
>
>    *[1]*    If the *"trucker"* is subject to motor carrier
> insurance requirements and meets them by a means other
> than auto liability insurance
>
>    *[2]*    If the *"trucker"* is not insured for hired
> *"autos"* under an *"auto"* liability form that insures on a
> primary basis the owners of the *"autos"* and their agents
> and "employees" while the *"autos"* are being used
> exclusively in the *"trucker's"* business and pursuant to
> operating rights granted to the *"trucker"* by a public a
> authority.

<u>See</u> Exhibit "C."

    34.    The National Continental policy also contains an endorsement no.: AP70

15 05 08, entitled *"CHANGES IN TRUCKERS ENDORSEMENT – CALIFORNIA,"*

which provides the following language:

>    *B. The Other Insurance – Primary and Excess Insurance Provisions Condition is*
> *replaced with the following:*
>
>                    *       *       *       *
>
>    *2. For accidents occurring outside of California:*
>
>        *a. This Coverage Form's Liability Coverage is primary for any*
>    *covered "auto" while hired or borrowed by you and used exclusively in*
>    *your business as a "trucker" and pursuant to rights granted to you by a*
>    *public authority. This Coverage Form's Liability Coverage is excess over*
>    *any other collectible insurance for any covered "auto" while hired or*
>    *borrowed from you by another "trucker".....*

<u>See</u> Exhibit "C."

## COUNT I
## DEFENDANTS, FRESHKO TRANSPORT, INC., BENJAMIN HICKS, H. GILL TRUCKING, INC., RENTVAL, LLC AND HURRICANE EXPRESS, INC., ARE NOT INSUREDS UNDER THE NATIONAL CONTINENTAL POLICY ISSUED TO SFS TRANS INC.

35.     Plaintiff, National Continental Insurance Company, hereby incorporates the previous paragraphs of its Complaint as if same were fully set forth herein.

36.     Plaintiff hereby seeks a declaration from this Honorable Court that defendants, Freshko Transport, Benjamin Hicks, H. Gill Trucking, Rentval, LLC and Hurricane Express cannot be considered "Insureds" under the National Continental policy issued to the Named Insured "SFS Trans Inc."

37.     The policy issued by National Continental was issued to the Named Insured "SFS Trans Inc." ("SFS"). See Exhibit "C."

38.     The policy issued by National Continental does not specifically identify the tractor or trailer involved in the subject accident.

39.     Neither Freshko, Hicks, H. Gill Trucking, Rentval or Hurricane Express qualify as an Insured under the NCIC policy as none of those parties operated a "covered auto" owned, hired or borrowed by SFS.

40.     Neither Freshko, Hicks, H. Gill Trucking, Rentval or Hurricane Express qualify as an Insured under the NCIC policy as the truck at issue was not operated exclusively in the SFS's business, nor under the ICC authority of SFS.

41.     At no time relevant to this action did SFS hire or borrow the subject vehicle and therefore, neither Freshko, Hicks, H. Gill Trucking, Rentval, nor Hurricane Express can be an Insured under the NCIC policy.

42.     NCIC does not owe any coverage to Freshko, Hicks, H. Gill Trucking, Rentval or Hurricane Express for the subject accident as they do not qualify as Insureds under the NCIC policy.

WHEREFORE, plaintiff, National Continental Insurance Company, seeks a judicial determination that it does not owe a defense or coverage to defendants, Freshko Transport, Inc., Benjamin Hicks, H. Gill Trucking, Inc., Rentval or Hurricane Express for any of the damages alleged by the Jeffrey Trumbauer or Denise Trumbauer in the underlying lawsuit.

## COUNT II
## THE COVERAGE PROVIDED BY THE NATIONAL LIABILITY POLICY IS PRIMARY TO ANY OTHER INSURANCE AVAILABLE TO FRESHKO TRANSPORT, INC., BENJAMIN HICKS, H. GILL TRUCKING, INC., RENTVAL, LLC AND HURRICANE EXPRESS, INC

43.     Plaintiff, National Continental Insurance Company, hereby incorporates the previous paragraphs of its Complaint as if same were fully set forth herein.

44.     In the event the Court determines that the NCIC policy provides coverage for the Trumbauer claims, the National Liability policy issued to Freshko Transport is primary to any other valid and collectable insurance covering the vehicle.

45.     The National Liability policy is primary as the accident involved a covered "auto" specifically listed in the National Liability policy which was operated by Freshko's employee in the trucking business of Freshko, and under its ICC operating authority.

46.     The National Liability policy is primary as Freshko Transport is a Named Insured engaged in the business of transporting property by "auto" for hire, as those terms are defined in the National Liability policy.

47.     Pursuant to the plain and ordinary meaning of the National Liability policy, the National Continental policy issued to SFS must be considered excess to the National Liability policy.

48.     The policies issued by National Continental and National Liability were both issued in California.

49.     California Insurance Code 11580.9(d) provides in pertinent part as follows:

> **(d)** *Except as provided in subdivisions (a), (b), and (c), where two or more policies affording valid and collectible liability insurance apply to the same motor vehicle or vehicles in an occurrence out of which a liability loss shall arise, it shall be conclusively presumed that the insurance afforded by that policy in which the motor vehicle is described or rated as an owned automobile shall be primary and the insurance afforded by any other policy or policies shall be excess.*

50.     Pursuant to the clear language of the California Insurance Code, the National Liability policy which specifically identified and rated the subject vehicle is to be presumed to be primary under the circumstances.

WHEREFORE, plaintiff, National Continental Insurance Company, seeks a judicial termination that the National Liability & Fire Insurance Company policy issued to Freshko Transport is primary with respect to the claims presented by Jeffrey Trumbauer and Denise Trumbauer in the underlying lawsuit.

## COUNT III
## THE POLICY ISSUED BY NATIONAL CONTINENTAL IS EXCESS TO THE COVERAGE PROVIDED TO FRESHKO TRANSPORT AND THE RELATED HICKS ENTITIES BY THE NATIONAL LIABILITY POLICY

51.     Plaintiff, National Continental Insurance Company, hereby incorporates the previous paragraphs of its Complaint as if same were fully set forth herein.

52.     In the event this Court determines that the NCIC policy provides coverage for the Trumbauer claims, plaintiff seeks a determination that the NCIC coverage is at most, excess to the coverage provided by National Liability to Freshko, Hicks, H. Gill Trucking, Rentval and Hurricane Express.

53.     Pursuant to the express terms of the NCIC policy, the coverage provided therein is excess over any other collectible insurance for any covered "auto" while hired or borrowed from you by another "trucker".   See Exhibit "C."

54.     The NCIC policy provides that its Liability Coverage is primary only for a covered "auto", and only while hired or borrowed by the insured and used exclusively in the insured's business as a "trucker" and pursuant to rights granted to the insured by a public authority.

55.     The subject accident was allegedly caused by an auto specifically identified by the National Liability policy and operated in the business of National Liability's insured, Freshko, and under Freshko's ICC authority.

56.     The vehicle operated by Benjamin Hicks was not operated under NCIC insured, SFS's authority at any time relevant hereto.

57.     Pursuant to the plain and ordinary meaning of the NCIC policy, the National Continental policy issued to SFS must be considered excess to the National Liability policy.

58.     The policies issued by National Continental and National Liability were both issued in California.

59.     California Insurance Code 11580.9(d) provides in pertinent part as follows:

> *(d) Except as provided in subdivisions (a), (b), and (c), where two or more policies affording valid and collectible liability insurance apply to the*

*same motor vehicle or vehicles in an occurrence out of which a liability loss shall arise, it shall be conclusively presumed that the insurance afforded by that policy in which the motor vehicle is described or rated as an owned automobile shall be primary and the insurance afforded by any other policy or policies shall be excess.*

60.     Pursuant to the clear language of the California Insurance Code, the National Liability policy which specifically identified and rated the subject vehicle is to be presumed to be primary under the circumstances.

WHEREFORE, plaintiff, National Continental Insurance Company, seeks a judicial termination that the National Continental policy issued to SFS Trans Inc., is excess to the National Liability & Fire Insurance Company policy issued to Freshko Transport with respect to the claims presented by Jeffrey Trumbauer and Denise Trumbauer in the underlying lawsuit.

## COUNT IV
### SFS TRANS, INC., IS AN INSURED AND ENTITLED TO COVERAGE UNDER THE NATIONAL LIABILITY POLICY

61.     Plaintiff, National Continental Insurance Company, hereby incorporates the previous paragraphs of its Complaint as if same were fully set forth herein.

62.     The National Liability policy provides that the following are "insureds": "The owner or anyone else from whom you hire or borrow a covered 'auto' that is not a trailer while the covered 'auto' where the 'auto' … is being used exclusively in your business as a "trucker"; and …is being used pursuant to operating rights granted to you by a public authority." See Exhibit "B."

63.     The load being hauled by Hicks was being transported under Freshko's motor carrier authority, and Freshko's DOT placard was affixed on the side of Hicks' tractor.

64.     Freshko received payment for the load that was being transported on the date of the loss.

65.     At no time relevant hereto, was the subject vehicle operated by Benjamin Hicks under SFS Trans' authority.

66.     If Freshko or H. Gill Trucking assert that the subject vehicle was hired borrowed from SFS, the clear and unambiguous definition of the term "Insured" in the National Liability policy must include SFS while the subject vehicle was being operated with the Freshko placard on its door.

67.     National Liability owes SFS Trans coverage as an Insured under the California Commercial Trucker's policy issued to Freshko for claims presented by the Trumbauers in the Underlying Lawsuit.

WHEREFORE, plaintiff, National Continental Insurance Company, seeks a judicial determination that National Liability owes defense and indemnification to SFS Trans Inc. for the claims presented by Jeffrey Trumbauer or Denise Trumbauer in the underlying lawsuit.

## COUNT V
## <u>DEMAND FOR DECLARATORY RELIEF</u>

WHEREFORE, plaintiff, National Continental Insurance Company, respectfully requests this Honorable Court issue an Order declaring:

a.      National Continental Insurance Company owes no coverage or defense obligation to Freshko Transport, Inc., Benjamin Hicks, H. Gill Trucking, Inc., Rentval, LLC or Hurricane Express, Inc., under the policy of insurance issued to SFS Trans Inc., no. CP 5637527 6, with respect to

claims presented in the Underlying Lawsuit and/or any lawsuit that may result from the accident described therein;

b.    Defendants, Freshko Transport, Inc., Benjamin Hicks, H. Gill Trucking, Inc., Rentval, LLC or Hurricane Express, Inc., are not Insureds under the National Continental Insurance Company issued to SFS Trans Inc., no. CP 5637527 6, with respect to the claims presented in the Underlying Lawsuit;

c.    National Continental Insurance Company has no duty and no obligation to pay any fees, defense costs, expenses, and/or judgments with respect to the Underlying Action and/or any lawsuit that may result from the accident described therein to defendants, Freshko Transport, Inc., Benjamin Hicks, H. Gill Trucking, Inc., Rentval, LLC or Hurricane Express, Inc;

d.    The policy issued by National Liability and Fire Insurance Company to Freshko Transport  provides primary coverage for the claims presented against the defendants in the Underlying Lawsuit and/or any lawsuit that may result from the accident described therein;

e.    The policy issued by National Continental Insurance Company provides, at most, excess coverage to the coverage provided by National Liability for the claims presented in the Underlying Lawsuit and/or any lawsuit that may result from the accident described therein

f.    Defendant, SFS Trans, Inc., is an Insured under the policy issued by National Liability and Fire Insurance Company with respect to the claims

presented in the Underlying Lawsuit and/or any lawsuit that may result from the accident described therein.

g.      Any other relief that this Honorable Court deems just and appropriate.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues triable as of right by jury in the above action.

Respectfully submitted,

**CIPRIANI & WERNER, P.C.**

BY:     */s/ John M. Campbell, Esquire*
John M. Campbell, Esquire
JCampbell@c-wlaw.com
Darren L. Harrison, Esquire
DHarrison@c-wlaw.com

450 Sentry Parkway, Suite 200
Blue Bell, PA  19422
Office: (610) 567-0700 /
Fax: (610) 567-0712
*Attorneys for Plaintiff,*
*National Continental Insurance Company*